UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Wilson Tool International, Inc.<br><br>Plaintiff,<br><br>v.<br><br>WILA, B.V.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil 02-220 JMR/FLN |

**PROTECTIVE ORDER**

Plaintiff Wilson Tool International, Inc. ("Wilson Tool") and Defendant WILA, B.V. ("Wila") each assert that it possesses information relating to the subject matter of this action which it deems confidential and proprietary. The parties recognize that in the course of discovery proceedings it may be necessary to disclose to the other parties certain of the asserted confidential and proprietary information, but each wishes to ensure that such asserted confidential and proprietary information shall not be used for any purpose other than this action, and shall not be made public by another party, or be otherwise disseminated by another party, beyond the extent necessary for purposes of this action. In addition, the parties contemplate that CONFIDENTIAL INFORMATION produced herein may be produced by a non-party and the parties therefore seek to facilitate the production and protection of such information.

Accordingly, based upon the agreement of the parties and for good cause shown, it is hereby Ordered pursuant to Rule 26 of the Federal Rules of Civil Procedure that the following procedure shall be adopted for the protection of confidential and proprietary information:



FEB 25 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## DEFINITIONS

1. For purposes of this Order, CONFIDENTIAL INFORMATION means any document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement, designated by any party as confidential because it contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in Rule 26 (c) (7) of the Federal Rules of Civil Procedure. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, portions of documents, transcripts, answers to interrogatories, briefs, summaries, notes, abstracts, motions, drawings and any instrument which comprises, embodies or summarizes matter which any party considers confidential and desires not to be made public.

2. The term "documents" shall include all the items listed in Rule 34 (a) of the Federal Rules of Civil Procedure.

## DESIGNATION OF INFORMATION AS CONFIDENTIAL

3. It is contemplated that one or more of the parties will make available certain of their files for inspection by the other party, which files may contain confidential as well as nonconfidential material, and that following such inspection an inspecting party will designate documents to be copied and the copies furnished or produced to it. All documents and their contents made available for such inspection shall be assumed to be CONFIDENTIAL INFORMATION and shall be treated as such until the producing party has had the opportunity to designate and mark selected furnished documents as CONFIDENTIAL INFORMATION according to Paragraph 4 hereof.

4. Whenever a document or thing produced by any party involves a disclosure of information which the producing party deems to be CONFIDENTIAL INFORMATION which it wishes to be made subject to this Protective Order, the producing party shall designate confidentiality by marking the document or thing "CONFIDENTIAL" at the time it is turned over to the receiving party. Any copy made of such document or thing or any abstract, summary or memorandum embodying information designated pursuant to this Order shall bear on its face the legend "CONFIDENTIAL."

5. If, during the course of discovery in this action, the parties hereto, or their representatives, are authorized to inspect another party's facilities, or processes of product manufacture, any documents or things generated as a consequence of any such inspection shall be deemed by the inspecting party, subject to the other provisions of this Order, to comprise or to be CONFIDENTIAL INFORMATION and shall be treated as such.

6. Whenever a deposition taken on behalf of any party hereto involves a disclosure of CONFIDENTIAL INFORMATION of another party, the following procedure shall be implemented:

(a) In advance of disclosure, the party whose CONFIDENTIAL INFORMATION is subject to disclosure shall state that the testimony is CONFIDENTIAL INFORMATION and advise all persons present that the information is subject to this Stipulation and Protective Order. Only those persons designated in paragraphs 8 hereof or those persons following the procedures set forth in paragraphs 9 and 10 hereof shall be permitted to listen to or read this testimony.

(b) If a designation of CONFIDENTIAL INFORMATION is not made in advance of disclosure at a deposition, or if additional material from the deposition is to be designated as CONFIDENTIAL INFORMATION, a party may designate the deposition or parts thereof as CONFIDENTIAL INFORMATION by written notice within 30 days of the mailing of the deposition. All persons with copies of the deposition transcript shall then mark their copies with the above legend. Until the 30-day period has expired, all deposition testimony and transcripts shall be treated in their entirety as CONFIDENTIAL INFORMATION covered by this Stipulation and Protective Order.

7. In the event that any documents which have been designated CONFIDENTIAL INFORMATION are included with or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the clerk of the court, such documents and related materials shall be filed with the clerk of the court in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**
**DATED ___________, 2003**
**Civil 02-220 JMR/FLN**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED, EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES.**

## USE OF CONFIDENTIAL INFORMATION

8. All material produced by any party pursuant to pretrial discovery in this action which is designated by the producing party as containing or comprising CONFIDENTIAL INFORMATION shall be maintained in confidence according to the terms of this Order by the receiving party and used solely in the preparation, prosecution, or trial of this action. Subject to the provisions of paragraphs 9 and 10 hereof, CONFIDENTIAL INFORMATION should only be disclosed to:

(a) the party who designated the item CONFIDENTIAL INFORMATION;

(b) an employee of such party or any former employee of such party who was involved with the matters the item is directed to at the time of the events to which the item is directed;

(c) a non-party entity who authored or received the item prior to its production to the other party;

(d) the firms of FREDRIKSON & BYRON, P.A., DORSEY & WHITNEY, LLP, WEBB ZIESENHEIM LOGSDON ORKIN & HANSON, P.C., and ARNOLD & SIEDSMA, including their respective support personnel; and

(e) the Court and its officers.

9. Before any disclosure of CONFIDENTIAL INFORMATION of another party is made to an outside independent individual or business employed by counsel for assistance in the preparation, prosecution or trial of this action, such individual or business shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form attached hereto as "Exhibit A," acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them, and such statement shall be kept by the employing counsel for reference should such be necessary. For a business, the statement shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such consultant to whom CONFIDENTIAL INFORMATION is disclosed of the obligations imposed by this Order. Each outside independent individual or business who is known to be an employee, agent, consultant, vendor, or supplier to or of any competitor of the party whose CONFIDENTIAL INFORMATION is sought to be disclosed to such individual or business shall be identified to the other party prior to making any such disclosure in sufficient time (not less than ten (10) days) for such other party to object and to seek further protection should it deem that necessary. If any party objects, no disclosure shall be made to such individual or business until the matter is resolved.

10. Before any disclosure of CONFIDENTIAL INFORMATION of another party is made to mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial, any such person shall execute a confidentiality agreement in the form attached hereto as "Exhibit B" and such statement shall be kept by counsel for reference should such be necessary. No documents or physical things embodying CONFIDENTIAL INFORMATION of another party shall be left in the possession of any such person.

## INFORMATION DESIGNATED IMPROPERLY

11. The restrictions set forth in any of the preceding paragraphs shall not apply to:

(a) any information which at the time of disclosure is available to the public;

(b) any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel or independent consultant; or

(c) any information which the receiving party, its counsel or independent consultants can show: (i) as a matter of written record was already known to the receiving party from legitimate sources, (ii) as a matter of written record was independently developed by the receiving party, (iii) was obtained from the furnishing party without having been identified as CONFIDENTIAL INFORMATION (subject to the provisions and circumstances provided for in paragraph 15 hereof), or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence.

12. The receipt of any document, thing or response to any interrogatory designated as CONFIDENTIAL INFORMATION by a party shall not be construed as an agreement by any other party that any such document, thing or response to an interrogatory is in fact confidential, and shall not operate as a waiver of any party's right to challenge any such designation as provided herein.

13. The parties shall act in good faith in designating information and materials as CONFIDENTIAL INFORMATION. In the event of any dispute raised at any time with respect to

the propriety or correctness of the designation of information, including testimony and documents, as CONFIDENTIAL INFORMATION, the designating party shall substantiate, within fourteen (14) days of such challenge, the basis for such designation in writing. The parties shall then attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order. The information shall be treated as CONFIDENTIAL until the issue is resolved.

14. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION shall rest on the designating party, except that the burden of proving the exceptions set forth in Paragraph 11 shall rest on the party asserting the exceptions.

**INFORMATION INADVERTENTLY DISCLOSED**

15. If a producing party inadvertently discloses to a receiving party any document, thing or information containing information that the producing party deems confidential without designating it as CONFIDENTIAL INFORMATION, the producing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the document, thing or information as CONFIDENTIAL INFORMATION under this Order. To the extent such document, thing or information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the document, thing or information promptly from such persons and to limit any further disclosure to unauthorized persons.

16. If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon

discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

**TERMINATION OF LITIGATION OR SETTLEMENT**

17. Within 60 days of the conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall destroy or assemble and return to the party who produced the CONFIDENTIAL INFORMATION, all such CONFIDENTIAL INFORMATION, including depositions and deposition exhibits designated as Confidential Material, and all copies thereof; and shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of CONFIDENTIAL INFORMATION; except that Counsel may retain one archival copy of court filings containing CONFIDENTIAL INFORMATION which materials will otherwise remain subject to this Stipulation and Protective Order.

**ADDITIONAL PROTECTION OF CONFIDENTIAL INFORMATION**

18. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection

with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

**PRODUCTION OF CONFIDENTIAL INFORMATION BY NON-PARTIES**

**19.** The production of any CONFIDENTIAL INFORMATION by non-parties shall be subject to the terms and conditions of this Stipulation and Protective Order. Pursuant to Paragraphs 3 -7 and subject to the limitations of Paragraphs 11 - 16 hereof, non-parties shall have the same rights as the parties to designate information as CONFIDENTIAL INFORMATION.

**OBLIGATION OF PARTIES**

20. Each of the parties named above and their counsel of record undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

21. Nothing in this Stipulation and Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any CONFIDENTIAL INFORMATION.

22. The parties agree that any and all communication between counsel of record in this case and their client in this case after the date that counsel was retained for this litigation shall not need to be placed on a privilege log.

Date: 2/16/03

By: Dan Schwiebert

Daniel J. Maertens (#188311)
(Dmaertens@fredlaw.com)
Darren B Schwiebert (#260642)
(DSchwiebert@fredlaw.com)
FREDRIKSON & BYRON, P.A.
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, MN 55402-1425
Phone: (612) 492-7312
Facsimile: (612) 492-7077

ATTORNEYS FOR PLAINTIFF
WILSON TOOL INTERNATIONAL

Date: 2/11/03

By: Sri K. Sankaran

Sri K. Sankaran (#204304)
(sankaran.sri@dorseylaw.com)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Phone: (612) 340-2600
Facsimile: (612) 340-8856

Date: February 4, 2003

By: Richard L. Byrne

Richard L. Byrne
(rbyrne@webblaw.com)
Kent E. Baldauf, Jr.
(kbaldaufjr@webblaw.com)
WEBB ZIESENHEIM LOGSDON
ORKIN & HANSON, P.C.
700 Koppers Building, 436 Seventh Avenue
Pittsburgh, PA 15219-1818
Phone: (412) 471-8815
Facsimile: (412) 471-4094

Date: 29 Jan 2003

By:

Hans W. Prins
Bastiaan J. 't Jong
Marinus Korsten
ARNOLD & SIEDSMA
P.O. Box 18558
NL - 2502 En The Hague
The Netherlands

ATTORNEYS FOR DEFENDANT
WILA, B.V.

IT IS SO ORDERED this 25th day of FEB., 2003.

Magistrate Judge Noel

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Wilson Tool International, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil 02-220 JMR/FLN |
| | ) | |
| WILA, B.V. | ) | |
| | ) | |
| Defendant. | ) | |

State of )
) ss.
County of )

I, ___________________________ being duly sworn, state:

1. My present address is ________________________________________________.

2. My present employer is ________________________________.

3. The address of my present employer is ____________________________________.

4. My present occupation or job description is ____________________________.

5. I have received a copy of the Protective Order in this case signed by Magistrate Judge Noel on _________, 2003.

6. I have carefully read and I understand the provisions of the Protective Order. I agree to abide by the Protective Order, not to disclose any information designated as Confidential Information and not to use such information other than in assisting counsel.

7. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any confidential information or any portion or substance thereof provided to me in the course of this litigation.

8. I will return all materials containing confidential information or any portions or copies, summaries, abstracts or indices thereof, which come into my possession and documents or things which I have prepared relating thereto and containing such confidential information, to counsel for the party by whom I am retained or employed, or to counsel by whom I am retained or employed, when my services in this matter have been concluded.

9. I understand that if I violate the provisions of this Protective Order I may be subject to, among other things, sanctions by the Court.

10. I will disclose to counsel who employed me whether I am an employee, agent, consultant, vendor or supplier, to or of any competitor of the party whose confidential information may be disclosed to me.

11. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Minnesota for enforcement of the undertakings I have made here and I appoint ________________________________ ( counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

Signed: ____________________________

SUBSCRIBED and sworn to
before me this _____ day of
__________________, 2003.

Notary Public

# EXHIBIT B

## AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION

1. This Agreement is between ____(Consultant)____ and ____(Name)____ residing at ________(Address)__________________.

2. I understand that I will receive information that is confidential and is not to be disclosed to anyone (including my family members) outside the research group I am participating in today.

3. I agree not to disclose any information I learn today or to use such information outside the research group I am participating in today.

Signed:______________________________

Date: ______________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.